■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK C. HEATH, Appellant. [605 NYS2d 919] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Hurley, J.), rendered July 6, 1990, convicting him of rape in the first degree (two counts) and sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with raping and sodomizing his stepdaughter. The defendant's conviction was based primarily upon the testimony of the complainant, although there was testimony by an examining physician that the child's genital area exhibited characteristics which were consistent with rape. The defendant claims that the evidence adduced at trial was legally insufficient and that the verdict was against the weight of the evidence.

The defendant's claims regarding the legal sufficiency of the evidence are not preserved for appellate review *(see,* CPL 470.15 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

During summation, the prosecutor made certain comments

concerning a defense witness's refusal to testify regarding a prior bad act, unrelated to the charges against the defendant, on the ground that such testimony might tend to incriminate her. The prosecutor's comments were improper, because they were an attempt to exploit the witness's refusal to testify *(see, People v Berg,* 59 NY2d 294, 299; *Rado v Connecticut,* 607 F2d 572, 581, *cert denied* 447 US 920). The error, however, was harmless because, "the People's case was strong, and no factual issues or defenses were raised as to which the witness's refusal to testify supplied the key or even provided corroboration" *(People v Berg, supra,* at 299).

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.